IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. _____ |
| JAMES COFIELD, PAULINA Y. CHEEKE-COFIELD, and UNITED FINANCIAL CASUALTY COMPANY, | ) ) ) ) ) | |
| Defendants, | ) ) ) ) | [Removed from Superior Court of Lowndes County, GA Case No. 2022CV1044] |

## JURISDICTIONAL STATEMENT

COMES NOW, Defendant United Financial Casualty Company ("UFCC"), by and through undersigned counsel, and hereby makes the following jurisdictional statement:

1.

UFCC is an Ohio Corporation who maintains a registered agent and registered office in Georgia and was served in that State, a copy of the service is attached hereto to as **EXHIBIT B**. UFCC is not a citizen of the State of Georgia and was not a citizen

1

of the State of Georgia on the date of filing of the Complaint. (Complaint, ¶ 2; Answer, ¶ 2).

2.

UFCC, as required by 28 U.S.C. § 1446(d), has given notice of this removal to Plaintiff and to the Superior Court of Lowndes, Georgia. A copy of said Notice is attached hereto as **Exhibit C**.

3.

Venue is proper because the United States District Court for the Middle District of Georgia, Valdosta Division encompasses Lowndes County, Georgia – the jurisdiction in which Plaintiff filed its original Complaint.

4.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceed $75,000 (exclusive of interest and costs). Accordingly, removal of this case to this Court is proper under 28 U.S.C. § 1441.

5.

For jurisdiction to be proper under 28 U.S.C. § 1332, plaintiffs and defendants must be citizens of different states. 28 U.S.C. § 1332 (a)(1) (2013); *Wis. Dep't of Corrections, et al. v. Schacht*, 524 U.S. 381, 388 (1998) (stating, "[a] case falls

within the federal district court's 'original' 'diversity jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State.").

6.

As shown above, Plaintiff is a citizen of Illinois while UFCC is a citizen of Ohio.

7.

Accordingly, UFCC is not a citizen of the same state as Plaintiff, and therefore, complete diversity exists in this case.

8.

For jurisdiction to be proper under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). "Where the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id*. When determining if the defendant has satisfied its burden to

establish jurisdiction by a preponderance of the evidence, if the court cannot determine whether it is facially apparent from the complaint that the jurisdictional amount is in controversy, the court may consider facts alleged in the notice of removal, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied (i.e., affidavits, declarations or other documentation). *Id*. at 754-755 (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir. 1990)).

9.

Plaintiff stated in its Complaint that Co-Defendants have made a settlement demand for $100,000.00 to settle the bodily injury claims for James Cofield. (Complaint, ¶ 23).

10.

Plaintiff's claimed damages is greater than $75,000.00 and thus Plaintiff cannot shield its case from removal. *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 754 (11th Cir. 2010); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir. 1990).

11.

Because the parties are completely diverse in citizenship and UFCC has established by the preponderance of the evidence that the amount in controversy exceeds $75,000.00, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and removal jurisdiction pursuant to 28 U.S.C. § 1441.

12.

UFCC has given written notice of the filing of this Notice of Removal to Plaintiff by notifying its attorney of record, J. Holder Smith, Jr., P.O. Box 30007, Valdosta, Georgia 31604.  UFCC has filed a written notice with the Clerk of the Superior Court of Lowndes County, a copy of said notice being attached hereto and made a part hereof. Furthermore, UFCC has reached out to counsel for the Co-Defendants regarding the removal but has yet to receive a response.

This 24th day of August, 2022.

>Respectfully submitted,

>**GOWER WOOTEN & DARNEILLE, LLC**

>*/s/ Jason D. Darneille*
>JASON D. DARNEILLE
>Georgia Bar No.  224018
>J. TIMOTHY WOOTEN
>Georgia Bar No. 776357
>*Counsel for United Financial Casualty Company*

4200 Northside Pkwy. NW, Building 12
Atlanta, Georgia 30327
OFF: (404) 662-2333
FAX: (678) 981-5182
jdarneille@gwdlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2022 the foregoing was electronically filed with the Clerk of this Court using the Court's electronic system, which will send notification of such filing to the following CM/ECF filing participants:

| | |
|---|---|
| J. Holder Smith, Jr., Esq.<br>Young, Thagard, Hoffman, LLP<br>P.O. Box 3007<br>Valdosta, GA 31604 | Radoslav P. Bachev, Esq.<br>Foy & Associates, P.C.<br>3343 Peachtree Road, NE, Suite 350<br>Atlanta, GA 30326 |

**GOWER WOOTEN & DARNEILLE, LLC**

*/s/ Jason D. Darneille*
JASON D. DARNEILLE
Georgia Bar No. 224018
J. TIMOTHY WOOTEN
Georgia Bar No. 776357
*Counsel for United Financial Casualty Company*

4200 Northside Parkway
Building 12
Atlanta, GA  30327
OFF:  (404) 662-2333
FAX: (678) 981-5182

3683873v.1