IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES COFIELD, et al )<br>)<br>)<br>Defendant. )<br>) | CIVIL ACTION 7:22-cv-87-HL |

**RULES 16 AND 26 ORDER – (Amended 2/2016)**

**This Order, and the attached Proposed Scheduling and Discovery Order Form, must be carefully read. This Order and the attached Proposed Scheduling and Discovery Order Form are amended from time to time. This document includes the latest revisions.**

Counsel and parties not represented by counsel should read Rules 16 and 26 of the Federal Rules of Civil Procedure and this Court's Local Rules. The Local Rules are available on the Court's web site (http://www.gamd.uscourts.gov) and may be obtained from the clerk's office. Counsel and parties not represented by counsel must abide by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules during the course of this litigation.

If a nongovernmental corporate party has failed to timely file its disclosure statement in accordance with Rule 7.1 of the Federal Rules of Civil Procedure, the party must file the statement within **14 days** of the date of this Order. A supplemental statement must be filed upon any change in the information that the statement requires.

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and Local Rule 26, the parties are ordered to confer within **20 days** of the date of this Order, and to develop a Proposed Scheduling and Discovery Order (the "Proposed Order"), which must be submitted to the Court no later than **30 days** from the date of this Order. The Proposed Order must be submitted by email to valdosta.ecf@gamd.uscourts.gov in accordance with the CM/ECF Administrative Procedures. **Do not convert the Proposed Order to pdf.** The form for the Proposed Order is attached to this Order. A copy of the Proposed Order must be served upon each party.

If the parties cannot agree on the Proposed Order, the parties must state their differences and specify their positions in the Proposed Order. Notify the Court immediately by emailing details of the dispute to Nora Paul, Courtroom Deputy, nora_paul@gamd.uscourts.gov, if a party does not cooperate in preparing the Proposed Order. Failure by counsel or parties not represented by counsel to cooperate in the preparation and filing of the report will result in sanctions. Failure to comply with discovery or with any order of the Court may result in dismissal of the case, default judgment, or other sanctions.

The Proposed Order must include time limits for the items addressed in Rule 16(b)(3)(A); the name and address of every witness to be deposed; the anticipated scope of discovery; the name, address, e-mail address, and telephone and facsimile number of lead counsel for each party; any issues about electronically stored information and claims of privilege; and the date the complaint was filed and the date the complaint was answered. The Proposed Order may also include such other matters as the parties deem appropriate.

The Proposed Order will be carefully considered and, subject to such changes as

may be deemed appropriate, either adopted by the Court or discussed with counsel in person or by conference call. The Proposed Order must include page numbers as well as a date line and a signature line for the Court below the attorney's signature.

The initial disclosures required by Rule 26(a)(1) shall be served no later than the date of the submission of the Proposed Order to the Court. The Court expects that, absent good cause shown, all discovery will be completed within 180 days from the submission of the Proposed Order to the Court. No discovery request may be served unless the response to the request can be completed within the discovery period, and no <u>discovery</u> deposition shall be scheduled beyond the discovery period. The Court considers requests for admission to be a discovery device subject to the discovery deadline. Depositions to preserve testimony are not subject to the discovery deadline, but the failure to timely schedule such depositions shall not be grounds for continuance.

Any party who may use an expert witness at trial must disclose the expert early enough in the discovery period to give the opposing party the opportunity to depose the expert. All expert witness disclosures must satisfy the requirements of Rule 26(a)(2)(B). A plaintiff designating an expert must disclose the identity of the expert within 90 days after the submission of the Proposed Order to the Court. A defendant designating an expert must disclose the identity of the expert within 120 days after the submission of the Proposed Order to the Court. The parties are reminded that a treating physician, depending on the subject matter of the physician's testimony, may be treated as an expert for purposes of disclosure of the physician's opinions and the admissibility of those opinions. See *Wilson v. TASER International, Inc.*, 303 Fed. Appx. 708 (11th Cir. 2008); *Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312 (11th Cir. 2011).

The parties have a continuing duty to supplement all disclosures and responses in

accordance with Local Rule 26(e) and the Federal Rules of Civil Procedure.

Local Rule 34 limits production requests to 10 per party, and Local Rule 36 limits requests for admission to 15 per party.  However, the Court encourages the parties to expedite the trial process by stipulating to the authenticity of documents prior to trial.  Therefore, requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests to admit that can be propounded.

All documents produced by any party shall be identified by a number.

All dispositive motions must be filed within 30 days of the close of discovery.  All briefs in support of a motion for summary judgment, response briefs and reply briefs must conform to the standards set by Local Rules 7.2, 7.3 and 7.4.  The Court relies heavily on the parties' statements of facts required by Local Rule 56.  Generally, facts should be presented in chronological order.

If counsel or a party not represented by counsel believes that it would be appropriate to have a telephone conference with the Court to discuss the Proposed Order or discovery issues, please contact Ms. Paul to schedule a telephone conference.  Before moving for an order relating to discovery, including motions to compel or contested motions for protective orders, the movant must request a conference with the Court.  *See* Fed. R. Civ. P. 16(b)(3)(B)(v).

Do not send courtesy copies of letters, motions, or briefs to the Court.

The parties must submit a report on the status of discovery 120 days after the Scheduling and Discovery Order is filed.  The report should summarize the status of both written discovery and depositions.  The report should also address any expert discovery issues.  Counsel and any party not represented by counsel must cooperate in the

preparation of the report.  The report may be filed jointly or separately.

In the event of settlement, the parties must notify the Court immediately.

If a defendant has filed a motion to dismiss, any party seeking a stay of discovery pending resolution of the motion should file an appropriate motion within **14 days** of the date of this Order.  The Court prefers that the motion be jointly filed and that the parties consent to the stay whenever possible.

**SO ORDERED**, this 1st day of September, 2022.

*s/Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE
UNITED STATES DISTRICT COURT